## MANDY v. GEORGE SCHLEICHER CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

PLEADING (§ 248*)—AMENDMENT—NEW CAUSE OF ACTION.

Where plaintiff in his complaint relied upon the failure of the defendant to properly guard a machine, it is an abuse of discretion in the trial court to permit him to amend his action on the trial, and introduce an entirely new and different cause of action, viz., that under the labor law he was wrongfully employed, as being under 16 years old.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

Hirschberg, P. J., and Woodward, J., dissenting.

Appeal from Trial Term, Westchester County.

Action for personal injuries by Peter Mandy, an infant, by Tony Sennett, his guardian ad litem, against the George Schleicher Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, CARR, JENKS, and THOMAS, JJ.

Norman W. Kerngood, for appellant.

Edgar L. Ryder, for respondent.

THOMAS, J. This action was brought by a person under age to recover for injury to his hand while he, as its servant, was operating the defendant's machine. The complaint states that:

"The guard which protects the operator and guards the knives of the machine, in consequence of defendant's negligence, became detached, and plaintiff's hand was drawn into the machine."

Upon the trial it was claimed on the part of the plaintiff that the guard, on account of the vibration of the machine while in operation, moved away from the knives, whereby plaintiff's hand was allowed to come in contact with them, and that such motion was permitted by the absence or defect of the set screw, which, as claimed, was needed to keep the guard in its place. This question was litigated upon the trial, but, in view of error in admitting evidence and presenting to the jury a quite distinct issue, need not be discussed.

As the trial proceeded, the plaintiff gave evidence tending to prove that plaintiff had not been properly instructed, that he was under the age of 16, and that by reason of the labor law (section 81, as in force at that time [Laws 1904, c. 291]) he should not have been permitted "to operate or assist in operating dangerous machines of any kind." The defendant did not object to the admission of evidence relative

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to improper instruction, but did object to testimony relative to the violation of the statute. The court, upon the trial, seems to have permitted an amendment to the complaint by alleging a violation of the statute, and thereupon allowed evidence in that regard. The defendant excepted to the allowance of the amendment, and objected to the evidence, but did not except thereto. But, when the plaintiff rested, the defendant moved to strike out "the evidence given as to the amendment," and excepted to the denial. The court instructed the jury that the principal charge made by the plaintiff—

"is that the defendant employed this plaintiff to work for it when he was under the age that the law permits a youth to work in a factory. The law in effect says that a boy under 14 shall not work about a factory anywhere. It says that a boy between 14 and 16 may be permitted to work in and about a factory—nothing said about machinery—if certain things are done by the officers of the board of health of the village, town, or city in which the boy lives. There must be satisfactory proof of his age, as to his schooling and other conditions, with which I will not trouble you. If that is done, then a boy between 14 and 16 may work in a factory. Then there is another provision of law which says that a person under 16 years of age shall not be permitted to work in and about dangerous machinery."

The court then more specifically charged the jury respecting the statutory regulation and prohibition. The court should not have permitted an amendment of the complaint introducing an entirely new cause of action or issue. The defendant was notified in the complaint of one specific negligent act or omission, and that related to the guard. The new issue, emphasized by the charge, related to his wrongful employment.

There should be a reversal of the judgment and order, and the granting of a new trial; costs to abide the event.

JENKS and CARR, JJ., concur. HIRSCHBERG, P. J., and WOODWARD, J., dissent.